# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>  Plaintiff and Counterdefendant,<br>vs.<br><br>DAVID MEDNANSKY, MARTINE MEDNANSKY, individually,<br><br>  Defendants and Counterclaimants. | CASE NO. 10cv1307-LAB (BGS)<br><br>**ORDER DISMISSING COUNTERCLAIMS** |

On March 8, 2011, the Court issued an order granting partial summary judgment in favor of the United States. (Docket no. 30.) The Court found the United States was entitled to an order evicting the Mednanskys, but did not in that order grant any such relief. Instead, the Court ordered counsel for the United States to submit a proposed order granting the injunctive relief requested in the complaint.

Also in the March 8 order, the Court noted the counterclaims appeared to be moot, and ordered the Mednanskys, no later than May 16, 2011, to show cause why the counterclaims should not be dismissed for that reason. The order directed them to show cause by filing a memorandum of points and authorities, and cautioned them that if they failed to show cause within the time permitted, their counterclaims would be dismissed for lack of jurisdiction. The Mednanskys are represented by counsel.

/ / /

On March 25, the Court issued an order granting injunctive relief to the United States. The Mednanskys then, through counsel, on May 4 filed a notice of appeal (Docket no. 36), asking the Court to certify its grant of partial summary judgment for appeal pursuant to Fed. R. Civ. P. 54(b).

The Court on May 6 denied certification of the order granting partial summary judgment (Docket no. 30) for appeal, finding the appropriate remedy was instead to appeal the order granting injunctive relief. (Docket no. 32.) The Court denied the Mednanskys' request to stay the injunction, and the Ninth Circuit has also not granted a stay.[1] The May 6 order also granted the United States' request for additional injunctive relief, authorizing the use of reasonable force to evict the Mednanskys. That order has not been appealed, and the filing of a notice of appeal seeking relief from the injunction does not divest the Court of jurisdiction over the issue of whether the counterclaims are moot, or any other issues not appealed. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); *Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) (holding that where party had filed a notice of appeal from one order only, the notice of appeal did not support the appellate court's exercise of jurisdiction over other issues).

The May 6 order reiterated that the taking of an appeal did not relieve the Mednanskys of their obligation to obey the Court's orders. The Court specifically cautioned the parties that "the Court's order issued March 25, 2011, and all other orders of the Court, remain in effect and Defendants remain obligated to obey them." (Order of May 6, 2011, 9:23–24.)

/ / /

---

[1] The Mednanskys in fact have not asked the Ninth Circuit for a stay, nor have they yet either paid the required filing fee or filed an application to proceed *in forma pauperis*. The only document they have filed in the Ninth Circuit docket, besides the appeal itself, is a mediation statement. The mediation statement says they are appealing docket numbers 30 (the grant of partial summary judgment) and 32 (the injunction), though in fact they are only appealing the latter.

1 | May 16, the date by which the Mednanskys were to have shown cause why their counterclaims are not moot, has passed. They have filed nothing attempting to show cause, nor have they sought additional time in which to do so. The Court must presume it lacks jurisdiction over the counterclaims. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). Because the Mednanskys have failed to rebut this presumption, and because they failed to obey the Court's March 8 order, *see* Civil Local Rule 83.1(a), their counterclaims are hereby **DISMISSED WITHOUT PREJUDICE** but **WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED**.

DATED: May 18, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge