# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br> vs.<br><br>DAVID MEDNANSKY, MARTINE MEDNANSKY, individually,<br><br>           Defendant. | CASE NO. 10cv1307-LAB (BGS)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On April 10, Plaintiffs submitted a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(4) and (5). By discrepancy order issued April 16, the Court accepted this motion for filing *nunc pro tunc* as an *ex parte* motion for reconsideration of the Court's earlier orders.

The motion claims that Jennifer Hegemier, Esq., the Mednanskys' attorney who also represented them in the related case 09cv1478-LAB (BGS), *Mednansky v. Metz*, was not authorized to accept service of process, that the Mednanskys were not served in some other way, and therefore the Court lacks personal jurisdiction over them.

On April 22, 2010, Ms. Hegemier was duly substituted in place of the Mednanskys (who had been proceeding *pro se*) in case 09cv1478, and the Mednanskys' signatures appear on the substitution form. Two months later, she accepted service on their behalf in this case, which was related to the earlier action. Her declaration in support of the

1  acknowledgement of service in this case is filed in the docket in support of the return of
2  service in this case. (*See* Docket no. 4 at 1.)
3        The current motion concedes that Ms. Hegemier was representing the Mednanskys
4  in the related matter but claims she was not authorized to represent them in this matter or
5  accept service for them. Specifically, they allege:
6        Hegemier had no legal authority to accept process on defendants['] behalf,
      the defendants had never given Hegemier authority to accept summons and
7        complaint, Hegemier never asked permission to accept this service, Hegemier
      was not defendants' attorney in this action or proceeding or when she
8        accepted service, [and] defendants have no contract with Hegemier for
      representation in this case . . . .
9
10  Motion at 3:2–9.
11        The record shows, however, that both Defendants were well aware that this action
12  was pending and that Ms. Hegemier was representing them in it, and that they consented
13  to this representation. For example, each of the Mednanskys signed a declaration under
14  penalty of perjury in support of their opposition to Plaintiff's motion for partial summary
15  judgment. (Docket nos. 35-2 at 1–4 (Declaration of David Mednansky, dated November 12,
16  2010), 35-3, 1–6 (Declaration of Martine Mednansky, dated November 12, 2010).) The
17  declarations are both headed by this case's caption, giving the parties and case number, and
18  both declarations list Ms. Hegemier as their counsel of record. The Mednanskys gave the
19  declarations to Ms. Hegemier, who filed them on their behalf.
20        The Mednanskys' complaints about Ms. Hegemier's representation of them do not
21  warrant reversing any rulings. Even if an attorney fails to act competently or in her clients'
22  interest, they are still bound by her acts. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34
23  (1962).
24        That said, there is no evidence Ms. Hegemier incompetently represented the
25  Mednanskys, or that she was responsible for the adverse rulings against them. She raised
26  the arguments they had already raised in two previous cases, but did so in better form,
27  adding supporting authority and other, better arguments. When she substituted in, in the
28  second of three related actions, a number of rulings adverse to the Mednanskys had already

been made.(*See* Docket no. 30 at 12:25–13:5 (pointing out that most issues had already been litigated), 12:16–17 (adopting reasoning of earlier rulings); 18:9 (noting earlier ruling), 20:6–9 (noting the Mednanskys' position in earlier litigation).)  Ms. Hegemier was not responsible for the law of the case when she substituted in and began trying to assist them. And although they now claim she lost their appeal, there is no indication any appeal would have succeeded. For example, the Ninth Circuit summarily affirmed this Court's dismissal of the complaint in *Mednansky v. Gillett*, 07cv1425, finding it to be frivolous. Later, on August 9, 2011, the Ninth Circuit, citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), denied the Mednanskys' motion for a stay pending appeal of this Court's order evicting them and authorizing the demolition of their cabin.

In short, the Mednanskys' motion is baseless. In three lawsuits they have defended on the merits. There is no basis for reconsidering or revisiting earlier decisions. The motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: April 19, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge