1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | CASE NO. 10cv1307-LAB (BGS) |
| Plaintiff, | **ORDER DENYING SUCCESSIVE MOTION FOR RECONSIDERATION** |
| vs. | |
| DAVID MEDNANSKY, MARTINE MEDNANSKY, individually, | |
| Defendant. | |

On April 20, 2012, the Court issued an order denying the Mednanskys' motion for reconsideration of the Court's previous orders, finding the motion to be baseless.

On May 4, the Court accepted by discrepancy order a successive motion for reconsideration even though the motion did not comply with Civil Local Rule 7.1(i)(1). The new motion questions the Court's April 20 order. This new motion in large part concerns itself with formalities that the Court summarily resolved in the Mednanskys' favor, such as whether the United States' counsel needed to be served, or whether the earlier motion should have been filed as a noticed motion or whether it could be accepted for filling as an *ex parte* application. Reconsidering those issues would not affect the outcome.

The Mednanskys also argue that the United States was required to brief the issues before the Court could properly rule on it. This is incorrect for two reasons. First, courts have

the inherent power to rule summarily deny baseless or frivolous motions. *See, e.g., Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) (even in the absence of a statutory provision, courts may *sua sponte* deny frivolous or malicious requests for relief). *See also, e.g., United States v. Stuler*, 396 Fed. Appx 798, 801 (3d Cir. 2010) (holding district court acted appropriately in denying motion as frivolous); *United States v. Molen*, 2011 WL 3847204, 2011 WL 3847204, slip op. at *1 (E.D.Cal., Aug. 30, 2011) (cautioning parties that baseless objections to court's orders would be summarily denied). Second, the motion attacked the Court's jurisdiction, and the Court may properly examine its own jurisdiction regardless of any motion or briefing from the parties. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990) (although neither party had raised jurisdictional issue, Court was required to examine it).

The Mednanskys' successive motion for reconsideration raises a series of other arguments. Even if any of these arguments were meritorious or had some reasonable basis, they could have been raised in the first motion. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (although Fed. R. Civ. P. 59(e) permits a court to reconsider and amend a previous order, such a motion "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"). Absent unusual circumstances such as newly-discovered evidence, manifest error, or a change in controlling law, motions for reconsideration are disfavored, *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004), and successive motions even more so. This successive motion for reconsideration is therefore **DENIED**. No further applications or motions seeking reconsideration of these issues are to be submitted for filing. If they are submitted, they will be summarily rejected and none will be entertained.

**IT IS SO ORDERED**.

DATED:  May 10, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge