# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID MEDNANSKY, MARTINE MEDNANSKY, individually,<br><br>Defendants. | CASE NO. 10-CV-1307-MMA-BGS<br><br>**ORDER DISMISSING DEFENDANTS' MOTION FOR RECONSIDERATION UNDER RULES 60(b)(3) AND (4);**<br><br>**DENYING DEFENDANTS' MOTION FOR RECONSIDERATION UNDER RULE 60(b)(6)**<br><br>[Doc. No. 77] |

Presently before the Court is Defendants David Mednansky and Martine Mednansky's Motion for Reconsideration under Federal Rules of Civil Procedure 60(b)(3), (4), and (6). [Doc. No. 77.] The Court has previously entertained Defendants' arguments related to Rule 60(b)(4), and on this ground summarily **DISMISSES** this claim. [*See* Doc. No. 67.] Furthermore, the Court finds that Defendants' 60(b)(3) argument is premised on the same grounds as their 60(b)(4) request, and **DISMISSES** this claim as well.

Finally, Defendants fail to demonstrate that another "reason . . . justifies relief" under Rule 60(b)(6). Fed. R. Civ. P. 60(b)(6). "Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary

circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)) (internal quotations omitted). "Accordingly, a party who moves for such relief 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion.'" *Id.* (quoting *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

Here, Defendants' request for reconsideration relies on events that presumably occurred in 2009 and 2010. [*See* Civil Case No. 09CV1478-LAB-BGS (case dismissed August 26, 2010).] Furthermore, Defendants rely on a Supreme Court case decided March 21, 2012. [*See* Mot. at 19-21 (citing *Sackett v. EPA*, 132 S. Ct. 1367, 1371 (2012)).] A motion for reconsideration is not the proper mechanism to raise arguments that could reasonably have been presented earlier in litigation. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Defendants fail to explain why the grounds raised in the present motion could not have been raised in any of their three previous motions for reconsideration, all filed after the Supreme Court issued the *Sackett* decision. [*See* Doc. Nos. 50, 53, 67.] Accordingly, the Court **DENIES** Defendants' request for relief under Rule 60(b)(6).

**IT IS SO ORDERED**.

DATED: April 19, 2013

Hon. Michael M. Anello
United States District Judge